**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

ELLIS MONK,                                    )
                                               )
              Plaintiff,    )
                                               )
        v.              )       Cause No. 2:15-cv-233
                                               )
CAROLYN W. COLVIN, Acting                      )
Commissioner of Social Security,               )
                                               )
          Defendant.         )

## OPINION AND ORDER

Petitioner Ellis Monk seeks attorney's fees pursuant to the Equal Access to Justice

Act, 28 U.S.C. § 2412, for time spent appealing a denial of social security benefits. (DE

23.) The Commissioner argues that counsel billed an unreasonable amount of time for a

relatively simple case and did not show he is entitled to an enhanced hourly rate of

$190. The Commissioner further argues that legal assistant time must be reduced to

time spent doing work traditionally handled by attorneys. For the reasons below, the

petition is granted, and Monk is awarded attorney's fees in the amount of $7,790.00.

## DISCUSSION

Monk appealed to this Court from an Administrative Law Judge's denial of his

claim for Supplemental Security Income in 2013. Monk argued that the ALJ committed

numerous errors, including: (1) failing to explain how he weighed the opinions of a

special education teacher who regularly interacted with Monk compared to the

opinions of non-examining state agency consultants; (2) failing to account for functional limitations related to Monk's speech impediment; (3) failing to properly apply the regulatory special technique to ascertain the severity of the functionally limiting effects of Monk's autism; (4) failing to identify evidence supporting the limitations included in the ALJ's assessment of Monk's residual functional capacity; and (5) improperly assessing Monk's credibility. (DE 15 at 9–23.) Instead of fighting the appeal, the Commissioner joined Monk in filing an Agreed Motion for Remand that requested reversal of the ALJ's decision with remand for further consideration of the application. (DE 20.) I granted the motion and remanded the matter on May 5, 2016. (DE 21.)

In the pending motion, Monk requests EAJA fees totaling $7,315.00, comprised of 37.6 attorney hours at $190 per hour and 1.8 legal assistant hours at $95 per hour. (DE 23 at 4.) In his reply brief, Monk moved for an additional fee of $475.00 for 2.5 hours of attorney time spent on that brief. The total request is thus for $7,790.00.

Attorney's fees may be awarded if the government's prelitigation conduct or its litigation position lacked substantial justification. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner concedes that Monk is entitled to recover attorney's fees but makes several arguments for reducing the number of attorney and paralegal hours entitled to compensation and the enhanced hourly rate proposed by Monk's attorneys.

*Total Hours Billed*

First, the Commissioner argues that it was unreasonable for Monk's attorneys to

bill 37.6 hours because the record contains "less than 50 pages of substantive records" and the issues in the case are routine. (DE 24 at 2–3.) In the Commissioner's view, it was excessive for Monk's attorneys to spend 9.1 hours reviewing the record and drafting a statement of facts and 2.3 hours revising and citechecking the opening brief, and they should have been able to prepare the entire case in 29.6 hours or less.

I disagree. To begin with, a 400-page administrative record is not short. *See Bryan v. Astrue*, No. 08-c-5472, 2010 WL 438384, *2 (N.D. Ill. 2010) (characterizing a 403-page administrative record as "rather large"); *Palmer v. Barnhart*, 227 F. Supp. 2d 975, 978 (N.D. Ill. 2002) (describing a 459-page record as "rather voluminous"). In addition, while some documents in the administrative record clearly had no real bearing on the appeal, Monk's attorneys had to sift through everything to separate the wheat from the chaff. In addition and as documented in the itemized time sheet, Monk's legal team had to thoroughly review not just his medical records, but also more than 50 pages of school evaluations and testing results, the ALJ's 20-page opinion, and the 50 pages of hearing transcripts. (*See* DE 23-3 at 1.)

Second, although the Commissioner asserts that the issues raised in this case were routine and counsel could have reviewed the record and drafted Monk's opening brief in significantly less time, she has identified nothing in the brief that could have been eliminated, and I see nothing superfluous on the itemized time report or in Monk's opening brief. In addition, and as has been noted by numerous courts in this circuit, "most social security cases do not present particularly complex legal issues, but that

does not mean that providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative law judge overlooked or misrepresented, and explaining why those oversights are material to the outcome does not take time." *Martinez v. Astrue*, No. 2:10-cv-370, 2012 WL 1563907, at *6 (N.D. Ind. Apr. 30, 2012) (internal quotation marks and citation omitted). Monk's brief was 25 pages long and made five different arguments for remand, any one of which could have resulted—and did result—in remand. Further, the 37.6 hours that Monk's attorneys spent reviewing the record and drafting the opening brief is on par with the time that other courts in this circuit have found reasonably expended during the initial stage of a social security appeal. *See, e.g., Garcia v. Colvin*, No. 1:11-cv-165, 2013 WL 1343662, at *2 (N.D. Ind. Apr. 3, 2013) (awarding fees for 37.75 hours spent on the record, researching, and writing a 25-page opening brief); *Burke v. Astrue*, No. 08-c-50136, 2010 WL 1337461, at *3 (N.D. Ill. Mar.31, 2010) (awarding fees for 34.4 hours spent reviewing a transcript, researching, and writing a 13-page, 1.5 spaced opening brief raising five issues).

In fact, overall, Monk's attorneys spent *less* time on this case than is typical, likely due to the success achieved with the opening brief. *See Schulten v. Astrue,* No. 08-cv-1181, 2010 WL 2135474, at *6 (N.D. Ill. 2010) (concluding that 40 –60 hours of combined attorney and legal assistant time is a permissible range of time spent on social security appeals); *see also, e.g., Witt v. Colvin,* No. 2:14-cv-443, 2016 WL 3049568, at *2 (N.D. Ind. May 31, 2016) (awarding fees for 54.6 combined attorney and legal assistant hours where the commissioner stipulated to remand); *Davenport v. Colvin*, No. 2:11-cv-402,

2013 WL 5701060, *3 (N.D. Ind. Oct. 17, 2013 (awarding fees for 63.86 hours); *Copeland v. Astrue,* No. 2:11-cv-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (awarding fees for 66.2 combined attorney and legal assistant hours).

Under these circumstances, any reduction in time would be arbitrary and beyond my authority. *See Smith v. Great Am. Rests., Inc.*, 969 F.2d 430, 439 (7th Cir.1992) ("[T]he district court may not arbitrarily reduce the number of hours requested; if it reduces hours it should provide a 'concise but clear explanation.'") (internal citation omitted). The 37.6 hours Monk's attorneys spent on his case were reasonably expended.

*Enhanced Hourly Rate*

Next, the Commissioner argues that plaintiff's counsel should not receive an enhanced rate of $190 per hour based on the national CPI but instead should be limited to an enhanced rate based on the Midwest Urban CPI, or $184 per hour. Although statutory rate for social security appeals is $125 per hour, courts may award an increased hourly rate based upon the cost of living if a fee higher than the statutory rate is justified. *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Regardless of whether the national CPI or the regional CPI is used, the claimant "must produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Id.* at 428 –29.

I see no reason to find that the national Consumer Price Index is a less appropriate starting place than a regional index. The Seventh Circuit has left the choice between the national and regional inflation-adjusted CPIs to the discretion of the district

court. *Id.* at 423, n. 2. In addition, courts in this district have expressed no clear preference for either. *Compare, e.g.*, *Ruiz v. Colvin,* No. 2:14-cv-69, 2016 WL 2908287, at *2 (N.D. Ind. May 18, 2016) (using national index); *Boyanowski v. Colvin*, No. 1:12-cv-139, 2014 WL 1464184, at *2 –3 (N.D. Ind. April 15, 2014) (using national index); *Smith v. Colvin*, No. 1:12-cv-320, 2013 WL 6148100, at *2 (N.D. Ind. Nov. 22, 2013) (using national index); *Verlee v. Colvin*, No. 1:12-cv-45, 2013 WL 6063243, at *8 (N.D. Ind. Nov. 18, 2013) (using national index); *Fike v. Astrue*, No. 1:11-cv-168, 2012 WL 3656420, at *3 (N.D. Ind. Aug. 23, 2012) (using national index), *with, e.g., Plump v. Colvin*, No. 2:12-cv-257, 2014 WL 523052, at *5 (N.D. Ind. Feb. 10, 2014) (using regional index); *Martinez v. Astrue*, No. 2:10-cv-370, 2012 WL 1563907, at *5 (N.D. Ind. Apr. 30, 2012) (using regional index); *Lugo-Gonzalez v. Astrue*, No. 2:09-cv-338, 2011 WL 3159485, at *5 (N.D. Ind. July 25, 2011) (using regional index).

In addition, the rate derived from the national index is closer to the rates detailed in other supporting evidence submitted by Monk. For example, Monk's attorney affirmed that the requested rate is more than $100 less than the non-contingent hourly rate he charges clients for the same work. (DE 23 at 6.) In addition, he filed affidavits from five attorneys who represent claimants in social security appeals or similar cases whose rates (several years ago) significantly exceeded $190 per hour. (*See* DE 23-4 at ¶ 6; DE 23-5 at ¶ 7; DE 23-6 at 1; DE 23-7 at ¶ 7; DE 23-8 at ¶ 4.) This type of evidence alone justifies the enhanced rate Monk proposes. *See Sprinkle*, 777 F.3d at 423. But there is also the fact that the proposed rate is comparable to the hourly rates recently

approved by other courts in this district. *See, e.g.*, *Ruiz v. Colvin*, No. 2:14-cv-69, 2016 WL 2908287, at *2 (N.D. Ind. May 18, 2016) (awarding$191.25 per hour for 62.8 hours of work in 2015); *Townsend v. Colvin*, No. 2:12-cv-516, 2014 WL 6617641, at *2 (N.D. Ind. Nov. 18, 2014) (awarding an hourly rate of $187.50 for 52.7 hours of work in 2013).

For these reasons, Monk has provided more than adequate justification for an enhanced rate of $190 per hour.

*Legal Assistant Time*

Last, the Commissioners argues that some of the time spent by legal assistants on this case is not properly billable. (DE 24 at 3.) Specifically, the Commissioner claims that .40 hours billed by a legal assistant on June 1, 2015 for sending a "second set of forms priority mail" and .80 hours billed on June 1, 2016 for preparing the EAJA itemization of time should be deducted from the total because this type of work is "traditionally done by non-professional staff and . . . therefore not properly billable." (*Id.*) In support of this argument, the Commissioner relies upon a single case from a different district, *Donaldson v. Colvin*, 2013 WL 1156414, *2 (S.D. Ill. Mar. 20, 2013). In *Donaldson*, the court relied on a Fifth Circuit case to hold that legal assistant hours are noncompensable overhead expenses "unless the legal assistant performs work traditionally done by an attorney." (*Id.*)

I think the Commissioner overstates the case against award of fees for legal assistant hours under the EAJA. For starters, the Seventh Circuit has held that "[f]ees for work done by paralegals can be awarded under the fee-shifting provision of the

EAJA." *Krecioch v. United States,* 316 F.3d 684, 687 (7th Cir. 2003); *see also Richlin Sec. Serv. Co. v. Chertoff,* 553 U.S. 571, 581 (2008) ("[W]e take it as self-evident that when Congress instructed agencies to award attorney fees to certain parties prevailing against the Government, that term was intended to embrace paralegal fees as well.") (internal ellipsis and quotation marks omitted). In addition, firms in this part of the country routinely bill their clients for paralegal time, which strongly suggests such work is not considered "overhead." Of course, there are limits to what tasks should be performed by a paralegal. It would be unreasonable, for instance, to bill a client (or award fees under the EAJA) for time a paralegal spent answering a general phone line or distributing mail. *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10 (1989).

But that's not what happened here. Some of the legal assistant's time was spent preparing the EAJA itemization, substantive work made necessary by the fact of the social security appeal, and I have little doubt that time is compensable under the EAJA. *See Simms v. Astrue,* No. 2:08-cv-94, 2009 WL 1659809, at *9 (N.D. June 12, 2009) (holding time spent preparing time itemization "is not clerical time and is appropriately recoverable"); *see also, e.g., Johnson v. Astrue,* No. 09-c-5189, 2011 WL 2433498, at *8 (N.D. Ill. June 14, 2011 (awarding fees for 1.5 paralegal hours spent mailing documents, preparing the complaint, and preparing the time itemization); *Sanco v. Astrue*, No. 09-cv-03701, 2011 WL 1485264, at *6 (N.D. Ill. Apr. 19, 2011) (awarding fees for 1 paralegal hour spent itemizing time).

The other legal assistant time objected to by the Commissioner is 24 minutes

spent "[d]iscuss[ing] filing a civil action and the procedures" *and* "sen[ding] [a] 2nd set of forms priority mail." (DE 23-3 at 1.) There is no question that the time spent discussing the case is compensable. *See Boyanowski v. Colvin*, No. 1:12-cv-139, 2014 WL 1464184, at *3 (N.D. Ind. Apr. 15, 2014) (citing POMS GN 03930.020(C)(3) (July 16, 2012)). The remaining work, the sending of the forms, could have been done by a secretary, but it really makes a mountain out of a molehill to refuse compensation when paralegals perform such work. The amount at issue here is likely less than $30, and it likely would have taken the legal assistant (who put together the forms and knew what needed to be sent and to whom) longer to explain to someone else what to do and then supervise that work, than the time she spent sending the forms herself.

For these reasons, I find that the legal assistant hours expended in preparing Monk's case were reasonable.

## CONCLUSION

Accordingly, Monk's petition for attorney's fees (DE 23) is **GRANTED**, and Monk is **AWARDED** attorney's fees in the total amount of $7,790.00 under the Equal Access to Justice Act. That award shall be deemed included in the judgment entered May 5, 2016 (DE 22).

**SO ORDERED.**

ENTERED: August 23, 2016

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT